IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JASON WAYNE HACHMEISTER,

                    Plaintiff,

          v.                          CASE NO.  12-3263-SAC

RICHARD KLINE, Former Director,
Shawnee County Jail, et al.,

                    Defendants.

<u>**MEMORANDUM AND ORDER**</u>

     This pro se civil complaint was filed pursuant to 42 U.S.C. §
1983 by an inmate of the Shawnee County Jail, Topeka, Kansas (SCJ).
Plaintiff claims that defendants failed or refused to provide him
with properly prepared or served halal meals[1] during Ramadan and
thereby denied him the right to practice his religion in violation
the First and Fourteenth Amendments.  Having examined the materials
filed, the court assesses an initial partial filing fee and gives
plaintiff time to file an Amended Complaint that cures the
deficiencies in his original complaint.

---

1    The Tenth Circuit Court of Appeals recently explained:

     There are varying Islamic dietary traditions among Muslims, some more
     strict than others.  According to the Islamic Food and Nutrition
     Council of America (IFANCA) and Islamic Services of America (ISA),
     a "halal," or "lawful" diet, prohibits items deemed "haram" (or
     "unlawful"), including pork and its by-products, animals improperly
     slaughtered or killed, alcohol and intoxicants, blood and blood
     by-products, and foods contaminated with haram products.

*Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1313 (10th Cir. 2010).

**FILING FEE**

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave remains obligated to pay the full fee of $350.00 for filing a civil action.  Being granted such leave merely entitles him to pay the filing fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).  Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account was $ 48.33, and that monthly balances are not provided.  Based upon the information provided, the court assesses an initial partial filing fee of $ 7.50, twenty percent of the average monthly deposit rounded to the lower half dollar.  Plaintiff must pay this initial partial filing fee before this action may proceed further and is given time to submit the fee to the court.  His failure to pay the partial fee within the allotted time may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Hachmeister is a prisoner, the court is required by the Prisoner Litigation Reform Act to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The court accepts all well-pleaded allegations in the complaint as true, *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006); but "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558.  To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.  In other words, it must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

## FACTUAL BACKGROUND

As the factual basis for his complaint, Mr. Hachmeister alleges as follows.[2]  On January 12, while plaintiff was confined at the SCJ, he converted to Islam.  Since late January, he has "been on the CRD (certified religious diet) tray."  In July, he sent his request to celebrate Ramadan in response to a memorandum posted by Programs Unit Supervisor Goody Ari.  Plaintiff did not ask to be taken off the CRD

---

[2]    All the events upon which the complaint is based are alleged to have occurred in 2012.

4

diet and was not told that CRDs were disallowed during Ramadan.  On
Thursday, July 19 he received macaroni with turkey ham.  But there
was a new correctional officer (CO) in the module and plaintiff "gave
the kitchen the benefit of the doubt."  On Friday, his "Ramadan
supper showed up."  He became upset because his CRD tray came on the
regular supper cart before sundown, and he couldn't get his CRD later
when he could eat it.  On Saturday, his CRD tray came on the regular
lunch cart, and he could not eat it because it was not sundown.  The
CO on duty that night called the kitchen.  Plaintiff's CRD tray again
came on the regular supper meal cart, and he couldn't eat it because
it was not sundown.  The meal that came at a time he could eat was
a beef patty.  The same problems occurred on Sunday, and another CO
called the kitchen.  Plaintiff apparently also sent staff request
forms to the Shift Supervisor and to Director Kline, which they did
not receive until Monday, July 23 because of the weekend.  The Shift
Supervisor said he would talk to plaintiff about his complaint but
never did.  Kline's response that he had "checked and the Ramadan
menu (was) certified by both registered religious authorities and
dieticians" was not helpful since plaintiff had gotten regular rather
than CRD meals.  On Monday, a CO called the kitchen again to tell
them that plaintiff was to receive the CRD tray, but plaintiff again
received a non-CRD tray for supper.  On Tuesday, plaintiff received
the proper food.  On Wednesday and Thursday he got non-CRD meals,
and on Thursday he sent an Inmate Grievance Form to Division Manager

Tim Phelps.  His "sundown meals started to be correct.[3]  On August 15 "after thinking everything with the food had been sorted out," he got a chicken patty for supper.  If chicken, turkey, or beef is not properly slaughtered and has not had the name of Allah said over it while being slaughtered, it is impermissible food for plaintiff. The only relief requested by plaintiff in his original complaint is $100,000,000.

**MOTION TO AMEND**

Plaintiff has recently submitted a one-page pleading (Doc. 4), with which he apparently intended to amend his complaint.  Even though plaintiff is entitled to amend his complaint once without leave of court, the clerk was directed to docket this paper as plaintiff's Motion to Amend because it is not a complete Amended Complaint.  Plaintiff may not amend his complaint by simply submitting a paper in which he sets forth a few claims, allegations, or parties he wants to add to his original complaint as Mr. Hachmeister attempts to do here.  Instead, in order to add claims or significant allegations to a complaint, the plaintiff must prepare and submit a complete Amended Complaint.  *See* Fed.R.Civ.P. Rule 15. An Amended Complaint is not simply combined with the original

---

[3]     Plaintiff further alleges that the trays his CRD meals came on were non-CRD trays, that this "can lead to cross-contamination making the food" impermissible, and that he received the proper food on the proper CRD tray only 3 out of a possible 31 meals.  However, plaintiff states that he's "not overly concerned about that here."  For this reason, the court does not consider these allegations as a basis for his claim for relief.

complaint but completely supersedes it.  Consequently, it must include all parties, claims, and factual allegations that the plaintiff intends to present including those he wants to retain from the original complaint.  It does not appear that plaintiff intended to replace his original complaint with this one-page pleading.  Nor may a plaintiff simply refer to the original complaint.  Any claims or allegations not included in the Amended Complaint are no longer before the court.  To comply with local court rule, the Amended Complaint must be submitted upon court-approved forms.

Plaintiff is given time to file a complete Amended Complaint upon proper forms that contains all his claims and factual allegations.  He must write the number of this case, 12-3263-SAC at the top of the first page of his Amended Complaint.  This also gives him the opportunity to cure the following deficiencies found in his original complaint.

## FAILURE TO STATE A CLAIM AGAINST NAMED DEFENDANTS

It is long-settled law that an essential element of a civil rights claim is the personal participation of each named defendant in the alleged constitutional deprivation.  *Foote v. Spiegel*, 118 F.3d 1416, 1423-24 (10th Cir. 1997); *Ciempa v. Jones*, 745 F.Supp.2d 1171, 1200 (N.D. Okla. 2010) (N.D. Okla. 2010), *judgment aff'd,* 477 Fed.Appx. 508 (10th Cir. 2012).  "Allegations of personal participation, like all other factual averments, must be specific,

not conclusory." *Ajaj v. Federal Bureau of Prisons*, 2011 WL 902440 (D.Colo. Mar. 10, 2011, unpublished)(citing *Ashcroft*, 556 U.S. at 1948)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights. It is likewise well-established that supervisory status alone does not create § 1983 liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). Moreover, the allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)(A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Plaintiff names the following present or former employees of the SCJ as defendants: Richard Kline, Former Director; Brian Cole, Acting Director; Tim Phelps, Division Manager; Shawn King, Division Manager; Goody Ari, Programs Unit Supervisor; J. Rucker, Shift Supervisor; and Edna (lnu), Programs. Plaintiff's claims against

8

Kline and Cole are based on nothing more than either their supervisory capacity or their denial of grievances. Plaintiff's claim against defendant Phelps is based upon answers Phelps provided to grievances. Likewise, plaintiff's claim against defendant Rucker appears to be based on Rucker's possibly having answered one of his grievances. Plaintiff's allegations that defendant Ari sent him notification to submit a written request and told him he was on the list for Ramadan, taken as true, fail to state any federal constitutional violation. He does not allege that Ari denied his request to celebrate Ramadan or prevented his receiving halal meals. No act taken by Shawn King is described in the complaint. Plaintiff's allegations regarding defendant Edna do not involve the denial of halal meals. Instead, he claims that she denied his request for group prayer for Muslims.[4] In short, no facts are alleged to support a plausible claim that any of these SCJ employees personally participated in the failure to prepare or deliver proper religious meals to Mr. Hachmeister at the correct times on the dates in question. It follows that the claims against each of these defendants are subject to being dismissed unless plaintiff alleges additional facts in his Amended Complaint that show his or her personal participation.

    Plaintiff also names Shawnee County Jail; Shawnee County, Kansas; "Shawnee County Commissioners Office, Richard Eckert, County

---

[4]    Plaintiff does not allege facts or authority showing that he has a federal constitutional right to group prayer while in jail. In any event, his allegations indicate that he did not fully exhaust administrative remedies on this claim. It follows that he is precluded from pursuing this claim at this time.

Counselor;" and State of Kansas as defendants.  Again, he fails to
allege any facts showing the personal participation of Richard
Eckert, the only "person" in this group, in the denial of halal meals.
The State of Kansas is absolutely immune to suit for money damages
under the Eleventh Amendment, and there is no indication that it has
consented to this lawsuit.[5]  The jail is a facility, not a "person"
subject to suit under § 1983.  Plaintiff does not allege that the
denial of halal meals was the result of a policy or practice of the
County or the County Commissioners or that any policy was the direct
cause or moving force behind the alleged constitutional violation.
It follows that he states no claim against these municipal entities.
*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Smedley
v. Corrections Corp. of America*, 175 Fed.Appx. 943, 946 (10th Cir.
2005).[6]

Plaintiff also names Aramark Correctional Services, Aramark,
and Mary Fletcher, Aramark Food Services Director as defendants.
Neither Aramark nor Aramark Correctional Services is a "person" or
shown to have acted under color of state law.  Plaintiff does not
request injunctive relief.  Nor does it appear that he would be
entitled to such relief, since his own allegations indicate that the

---

[5]    In his motion to amend (Doc. 4), plaintiff seeks to dismiss this action as
against the State of Kansas having discovered its immunity on his own.  The court
liberally construes this portion of the motion as a motion to voluntarily dismiss
defendant State of Kansas, and grants the motion.

[6]    Unpublished cases are cited herein for persuasive reasoning, and not as
binding precedent.

problems with his CRD meals were resolved before this lawsuit was filed.

Although food service workers are the more likely participants in preparing and serving meals, plaintiff names only one food service employee as a defendant, and she is the supervisor.  In the complaint, he does not describe a single act taken by defendant Fletcher.  Accordingly, the court finds that he does not allege facts showing defendant Fletcher's personal participation in the denial of his religious meals.

It follows from the foregoing analysis that plaintiff's claims against all defendants are subject to dismissal for failure to allege sufficient facts showing either personal participation or legal liability under § 1983 on the part of each defendant.


**FAILURE TO STATE A CLAIM OF DENIAL OF RELIGIOUS FREEDOM**

"Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069 (citation omitted); *McKinley v. Maddox*, ___Fed.Appx.___, 2012 WL 3292389 (10th Cir. Aug. 14, 2012, unpublished); *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205 (10th Cir. 1999).  In order to state a constitutional violation based on a free-exercise claim, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069.

In addition, he "must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983." *Id.* at 1070 (quotation omitted).[7]

The court assumes for purposes of screening that plaintiff has sufficiently alleged sincerely-held religious beliefs.  The issue presented by plaintiff's allegations is whether or not the denial of either properly prepared or timely-delivered halal meals to Mr. Hachmeister, on the limited occasions alleged, substantially burdened the exercise of his religious beliefs.  *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1314 (10th Cir.), *cert. denied*, 131 S.Ct. 469 (2010).   The Tenth Circuit has identified "three broad ways government action may impose a substantial burden on religious exercise:"

> requir[ing] participation in an activity prohibited by a sincerely held religious belief, or (2) prevent[ing] participation in conduct motivated by a sincerely held religious belief, or (3) plac[ing] substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief, such as where the government presents the plaintiff with a Hobson's choice-an illusory choice where the only realistically possible course of action trenches on an adherent's sincerely held religious belief.

*Strope v. Cummings*, 381 Fed.Appx. 878, 881 (10th Cir. 2010, unpublished)(citing *Abdulhaseeb*, 600 F.3d at 1316).   The Tenth

---

[7]    Once the prisoner satisfies this initial step, then defendants "may identify the legitimate penological interests that justified the impinging conduct." *McKinley*, 2012 WL 3292389 at *3 (citation omitted).   The court then balances factors set forth by the Supreme Court "to determine the reasonableness" of the conduct.   *Id.*

Circuit's reasoning in *Strope* is instructive:

> Illustrating the distinction between substantial burden
> and inconvenience, we held "(1) the flat denial of a halal
> diet with approved meats was actionable, *id.* at 1316-20,
> but (2) an incident (the panel concurrence notes "sporadic
> incidents") in which a prisoner's meal was rendered
> inedible by service of prohibited items contaminating his
> tray was not actionable, *id.* at 1320-21; *id.* at 1325; *see
> also Gallagher*, 587 F.3d at 1070 (holding isolated
> violation of kosher restrictions did not support Free
> Exercise claim). We "assume[d] that as the frequency of
> presenting unacceptable foods increases, at some point the
> situation would rise to the level of a substantial burden,"
> but that level had clearly not been reached.

*Id.* (citing Abdulhaseeb, 600 F.3d at 1321). In sum, mere
inconvenience, negligence, and isolated or sporadic incidents are
not sufficient to show a substantial burden.

Taking plaintiff's fact allegations as true, he was denied some
of his religious meals, usually his dinner meal, due to either
improper preparation or untimely delivery during the first 7 days
of Ramadan. The problems in obtaining his religious meals were
nonexistent prior to Ramadan and were resolved after the first week
of Ramadan. Given these facts, this case appears analogous to
*Gallagher,* in which the Tenth Circuit reasoned as follows:

> In *Gallagher*, the prisoner alleged that two of his requests
> for special food on religious holidays were not approved
> by the defendants until after those holidays had passed,
> and on one occasion he was served food that was not prepared
> according to kosher requirements. We held that the
> "defendants' actions were, at most isolated acts of
> negligence, not pervasive violations of [the prisoner's]
> right to free exercise of religion." *Id.* We therefore
> affirmed the district court's dismissal of the prisoner's
> claims because he failed to allege a substantial burden
> on the exercise of his religious beliefs." *Id.* at

13

1070-71.

See *McKinley*, at *4 (citing *Gallagher*, 587 F.3d at 1070).  In *Abdulhaseeb*, the Tenth Circuit similarly stated that "[w]e are not willing to conclude . . . that every single presentation of a meal an inmate considers impermissible constitutes a substantial burden on an inmate's religions exercise."  *Abdulhaseeb*, 600 F.3d at 1321. Mr. Hachmeister clearly alleges that he was denied halal meals on more than a single occasion, but he alleges no facts suggesting that the denials were intentional.  Moreover, he does not explain why he could not keep his CRD meals that were delivered on the regular supper cart to eat after sundown.  Nor does he allege facts showing that he was unable to otherwise obtain sufficient halal food during the first week of Ramadan.  The court finds that the facts alleged in the original complaint show sporadic incidents that were undoubtedly an inconvenience to plaintiff or negligence, rather than a substantial burden on plaintiff's exercise of his religion. Plaintiff's denial of religious freedom claim may be dismissed on this basis, unless he alleges sufficient additional facts in his Amended Complaint.


**OTHER CLAIMS**

Plaintiff also complains about defendant Edna's denial of his request that Muslim inmates be allowed to gather on Friday afternoons, being locked down on two occasions when Christian inmates

14

were participating in religious activities, and that Christian inmates were allowed to proselytize in the jail.  He also complains of finding plastic pieces in his food.  Plaintiff alleges in his complaint that he has not presented his other complaints to the jail administration.  Pursuant to 42 U.S.C. § 1997(e)(a), claims that have not been presented through the administrative remedy process may not be raised in a federal civil rights complaint.  It follows that these claims are subject to being dismissed, unless plaintiff shows that he has fully and properly exhausted administrative remedies on each of them.

## FAILURE TO STATE CLAIM FOR COMPENSATORY DAMAGES

Federal law prohibits prisoners from bringing federal actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The District Court in *Nasious v. Robinson*, 2010 WL 1268135, *8, n.6 (D.Colo. Feb. 17, 2010, unpublished), *aff'd in part dismissed in part*, 396 Fed.Appx. 526 (10th Cir. Sept. 29, 2010, unpublished) reasonably applied this provision to a claim similar to Mr. Hachmeister's:

> Plaintiff's request for compensatory and punitive damages are also barred on separate grounds.  (Mot. at 15-16.) Section 1997e(e) . . . provides in pertinent part: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C.

15

> § 1997e(e) (2008).  There has been no showing of physical
> injury by the Plaintiff.  Section 1997e(e) applies
> regardless of the nature of the underlying substantive
> violation asserted.  Searles v. Van Bebber, 251 F.3d 869,
> 876 (10th Cir.2001)(applying section 1997e(e) to the
> plaintiff's First Amendment claim for free exercise of
> religion).

*Id.*  In *Searles v. Van Bebber*, 251 F.3d 869 (10th Cir. 2001) *cert.*

*denied*, 536 U.S. 904 (2002), the Tenth Circuit specifically held that

the limitation on recovery in § 1997(e)(e) applied to a First

Amendment claim that prison officials denied the plaintiff a Kosher

diet and to claims for actual or compensatory damages.  *Id.* at 879,

881; *see also Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir.), *cert.*

*denied*, 133 S.Ct. 359 (2012).

Mr. Hachmeister has not described any physical injury that was

caused by the alleged deprivations of his constitutional rights on

seven days in July and a single day in August 2012.  His only request

for relief in his complaint is for $100,000,000.  The court finds

that plaintiff's claim for actual or compensatory damages is subject

to being dismissed unless he alleges facts showing a prior physical

injury.  Plaintiff's allegations in his motion to amend indicating

that he also seeks compensatory damages for "injuries to his liberty"

and discrimination have not been properly added by the filing of an

Amended Complaint, and in any event do not suggest physical injury.


**FAILURE TO STATE FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES**

Plaintiff did not request punitive damages in his original

complaint, but indicates in his motion to amend that they will be requested in his Amended Complaint.  Punitive damages are available in a § 1983 lawsuit.  However, they "are to be awarded only when 'the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *Jolivet v. Deland*, 966 F.2d 573, 577 (10th Cir. 1992)(quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Ciempa*, 745 F.Supp.2d at 1201; *Nasious*, 2010 WL 1268135 at *8, n.6 (To obtain punitive damages under Section 1983, Plaintiff must show Defendant's conduct was "'motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to [his] federally protected rights.'" *(citations omitted)*.  "Here, Plaintiff's failure to show Defendant Robinson personally participated in any unconstitutional activity precludes a showing of evil motive or intent on Robinson's behalf.  Accordingly, Plaintiff's request for punitive damages is barred.")); *see also Patel v. Wooten*, 264 Fed.Appx. 755, 760 (10th Cir. 2008, unpublished)(determining, in the First Amendment context, that prison officials' actions did not "rise to the level of evil intent or reckless or callous indifference to sustain a jury award of punitive damages")).

Mr. Hachmeister's allegations of deliberate indifference to his First Amendment rights are completely conclusory.  He describes no act on the part of any person who participated in the alleged denial of his eight religious meals that evinces reckless or callous

17

indifference or evil intent.  Unless, plaintiff alleges additional facts in his Amended Complaint showing bad motive on the part of a proper defendant, any claim for punitive damages is subject to dismissal.[8]

## MOTIONS TO COMPEL DISCOVERY

Plaintiff has filed two Motions to Compel Discovery.  He mainly seeks logs and video tapes produced in his area at the SCJ, which he believes will prove his claims.  Plaintiff's attempt to seek discovery prior to service of the complaint on defendants without any indication that defendants have failed to respond to a proper discovery request presented to them by him and without certification that he has conferred with defendants as required by Fed.R.Civ.P. Rule 37(a)(1) is premature.  Fed.R.Civ.P. Rule 26(d) also expressly states that a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when otherwise authorized.  Fed.R.Civ.P. Rule 26(f) provides for a conference of the parties that includes the planning of discovery. Plaintiff is bound by the Federal Rules of Civil Procedure. Accordingly, these motions are denied without prejudice.

Plaintiff's allegation in his second motion for discovery that

---

8    "'Nominal damages are damages in name only, trivial sums such as six cents or $1.'  They do not purport to compensate for past wrongs.  They are symbolic only."  *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004)(quoting 1 Dan B. Dobbs, Dobbs Law of Remedies § 3.3(2), at 294 (2d ed. 1993)).

his towel that served as a prayer rug was taken during a recent shakedown is not properly added as a claim in this lawsuit through his filing of this motion.  Nor does it appear that exhaustion of administrative remedies has been completed upon this claim.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 7.50.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to file a complete Amended Complaint upon court-approved forms that cures the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. 4) is granted to the extent that he is allowed to submit a complete Amended Complaint, and is granted to the extent that he seeks to voluntarily dismiss this action as against the State of Kansas.

**IT IS FURTHER ORDERED** that plaintiff's Motions for Discovery (Docs. 3 & 5) are denied, without prejudice.

The clerk is directed to send plaintiff § 1983 forms.

**IT IS SO ORDERED.**

Dated this 22nd day of January, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge