IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON WAYNE HACHMEISTER,**

        **Plaintiff,**

    v.                        CASE NO. 12-3263-SAC

**RICHARD KLINE, Former Director,
Shawnee County Jail, et al.,**

        **Defendants.**

### O R D E R

This matter is before the court upon plaintiff's Motion for Default Judgment (Doc. 7) and plaintiff's Motion to Stay and Preserve Evidence (Doc. 8). Having considered these motions, the court finds they should be denied. Plaintiff has also recently filed a Motion to Dismiss this action without prejudice (Doc. 9), which the court finds should be granted.

Plaintiff's Motion for Default Judgment has no legal merit. The screening process has not been completed in this case, and the court has not ordered proper service of summons upon defendants. Since defendants have not yet been required by law to respond to the complaint, plaintiff states no grounds for default.

Plaintiff's Motion to Stay is not supported by his factual allegations and does not cite or suggest any legal authority that would entitle him to a stay of these proceedings. *See*

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009)("When applying for a stay, a party must show a 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party.") (citing *Ben Ezra, Weinstein, and Company, Inc. v. America Online Inc.,* 206 F.3d 980, 987 (10th Cir. 2000)). Defendants would undoubtedly be harmed by an indefinite stay of this complaint, which the court has found is subject to dismissal. Plaintiff seeks an indefinite stay of these civil proceedings until "after (his) criminal cases are over." His reasons include that he is still seeking administrative relief on two claims, that the local newspaper is writing about his criminal and civil cases, and that "for tactical reasons" he is "holding off on sending the amended complaint" that this court ordered him to file. Plaintiff is not entitled to a stay of proceedings while he exhausts administrative remedies. Instead, he was required by statute to fully and properly exhaust those remedies before he filed his federal complaint.

    Plaintiff's allegations do not suggest any plausible, relevant connection between this civil case concerning religious meals at the jail and his pending state criminal proceedings. They do not provide a credible reason for him to delay compliance with this court's order to file an Amended Complaint that cures the deficiencies in his original complaint.

Plaintiff alleges that he has already prepared his Amended Complaint and does not request an extension of time.

Plaintiff's request "to preserve all evidence" is likewise not supported by either facts or legal authority and is not even discussed in the body of the motion. Accordingly, the court denies plaintiff's motions as stating no basis for the requested relief. Plaintiff's pending motions might also be denied as moot, given the court's ruling on plaintiff's most recent motion.

Having considered plaintiff's Motion to Dismiss without Prejudice (Doc. 9), the court finds it should be granted pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.[1]

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion for Default Judgment (Doc. 7) and plaintiff's Motion to Stay and Preserve Evidence (Doc. 8) are denied as without merit and as moot.

**IT IS FURTHER ORDERED** that plaintiff' Motion to Proceed without Prepayment of Fees (Doc. 2) is granted. Plaintiff is hereby assessed the remainder of the full filing fee to be paid through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Dismiss

---

[1] Under Rule 41(a), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves a response. The court finds this action should be dismissed, without prejudice, upon plaintiff's Notice of Voluntary Dismissal (Doc. 9).

(Doc. 9) is sustained, and this action is dismissed and all relief is denied without prejudice pursuant to Rule 41(b).

The clerk is directed to send a copy of this Order to plaintiff, to the finance officer at the institution in which plaintiff is currently confined and to the court's finance office.

**IT IS SO ORDERED.**

Dated this 20th day of February, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
